UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WAYNE PRICE,<br><br>   Petitioner,<br><br>   v.<br><br>DANIEL PARAMO, Warden,<br><br>   Respondent. | No. 2:13-cv-2449 WBS DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2014, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion. Respondent has filed a reply.

**BACKGROUND**

On June 16, 1998, in the Sacramento County Superior Court, petitioner pleaded no contest to first-degree robbery and admitted to having suffered two prior serious felonies within the meaning of California's Three Strikes law. On July 14, 1998, the superior court sentenced petitioner to twenty-five years to life in state prison. On August 24, 1999, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Petitioner did not seek review with the California Supreme Court. (Resp't's Lodged Docs. 1-2.)

1

On March 19, 2013[1], over fourteen years after his conviction, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. On May 22, 2013, that court denied the petition as untimely. On July 11, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On October 2, 2013, the court summarily denied the petition, citing the decision in In re Robbins, 18 Cal. 4th 770, 780 (1998).

On November 21, 2013, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

## ANALYSIS

Respondent has moved to dismiss the pending petition as untimely. (Resp't's Mot. to Dismiss at 2-8.) In opposition to respondent's motion, petitioner argues that he is entitled to equitable tolling of the applicable statute of limitations. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-8.) For the reasons discussed below, the undersigned will recommend that the pending petition for federal habeas relief be dismissed with prejudice because it is time-barred.

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This was the filing date of the state petition applying the mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

As noted above, on June 16, 1998, in the Sacramento County Superior Court, petitioner pleaded no contest to first-degree robbery and admitted to having two prior serious felonies within the meaning of California's Three Strikes law. On July 14, 1998, the superior court sentenced petitioner to twenty-five years to life in state prison. On August 24, 1999, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. That decision became final thirty days after filing. See Cal. Rules of Court 8.264. Petitioner did not seek review at that time in the California Supreme Court. (Resp't's Lodged Docs. 1-2.)

For purposes of federal habeas review, petitioner's judgment of conviction became final on October 3, 1999, ten days after the time for seeking direct review with the California Supreme Court expired. See Cal. Rules of Court 8.500. The AEDPA statute of limitations began running the following day, October 4, 1999, until it expired one year later on October 3, 2000. Petitioner did not file his federal petition for writ of habeas corpus until November 21, 2013. Accordingly, the pending petition is clearly untimely unless petitioner is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). In this case, petitioner is not entitled to statutory tolling under § 2244(d)(2) because he did not file his first state post-conviction challenge until March 19, 2013, more than twelve years after the one-year statute of

limitations had expired.  It is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, petitioner is not entitled to statutory tolling of the applicable statute of limitations.

IV.  Equitable Tolling Standards

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 530 U.S. 631, 645 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), cert. denied __ U.S. __, 131 S. Ct. 3039 (2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[2]  "[A] 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland, 530 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court . . . .  Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.") (internal quotation marks and citations omitted).  Thus, equitable tolling is appropriate only when external forces, rather than a lack of diligence, account for the failure to file a timely petition.  Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002) (describing the

---

[2] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]"  Holland, 560 U.S. at 652.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 560 U.S. at 654 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"); Doe, 661 F.3d at 1012 ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.' ") (citing Holland, 560 U.S. at 650).

In this case, petitioner argues that he is entitled to equitable tolling in light of the United States Supreme Court decision Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012).  (Pet. at 15, Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-8.)  In Martinez, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320.

Petitioner's reliance on the decision in Martinez is misplaced.  In Martinez the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default of a claim based upon alleged ineffective assistance of counsel at trial.  See Martinez, 132 S. Ct. at 1315.  The Supreme Court's decision does not address or create an exception to the AEDPA statute of limitations.  Indeed, California district courts have consistently rejected the argument that the decision in Martinez provides relief for time-barred petitions in the form of equitable tolling of that statute of limitations.  See, e.g., Wheelwright v. Wofford, No. 2:13-cv-0787 GGH (HC), 2014 WL 3851155 at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in Martinez is an equitable one, it applied only to procedural default issues

5

and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); Perry v. Uribe, No. SACV 11-0692 RGK (RNB), 2014 WL 4463120 at *3 (C.D. Cal. July 24, 2014) ("Martinez dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether Petitioner herein (including the ineffective assistance of trial counsel claim alleged in Ground 2) was time barred under the AEDPA statute of limitations."); Cabera v. Pennywell, No. CV 13-4702 GAF (JEM), 2014 WL 1271208 at *5 (C.D. Cal. Mar. 24, 2014) ("Martinez addressed a claim of procedural default and is inapplicable to Petitioner's statute of limitation issues. . . ."); Cotinola v. Gipson, No. EDCV 13-1004 JAK (RNB), 2014 WL 562636 at *7 (C.D. Cal. Feb. 7, 2014) ("Martinez dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims were time barred under the AEDPA statute of limitations."); Brock v. Small, No. EDCV 09-2107 BRO (JC), 2013 WL 8211410 at *6 n.11 (C.D. Cal. Dec. 2, 3013) (Martinez "dealt solely with the procedural default doctrine, which is distinct from the federal statute of limitations, and it does not suggest that ineffective assistance of counsel at an initial collateral review proceeding affords a basis for equitable tolling of the federal habeas statute of limitations."); Bunn v. Warden Salinas Valley State Prison, No. C 09-0251 PJH (PR), 2013 WL 4777210 at *3 (N.D. Cal. Sept. 5, 2013) ("Yet, there are no procedural default issues in this case, merely the timeliness of the petition, thus Martinez is irrelevant to the circumstances of this case."); see also White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations).  This case is no different than those which resulted in the decisions cited above.

Without equitable tolling of the statute of limitations, petitioner's federal habeas petition is time-barred.  Accordingly, the petition should be dismissed with prejudice.[3]

---

[3] Shortly after filing his opposition to respondent's motion to dismiss, petitioner filed a supplemental points and authorities in which he argued that he should be allowed to proceed in this case because he timely filed his petition pursuant to the Martinez "AEDPA tolling exception." (Doc. No. 16)  Again, however, the decision in Martinez is inapplicable to this case. Moreover, petitioner has not set forth any valid arguments justifying statutory or equitable tolling of the AEDPA statute of limitations under the circumstances of his case.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 9) be granted;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed with prejudice as time-barred; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pric2449.157